UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-8112-CIV-RYSKAMP/VITUNAC

UNITED STATES OF AMERICA,
ex rel. EDUARDO F. BORGES, M.D.,
and DAVID HERNANDEZ,

    Plaintiff,

v.

DOCTOR'S CARE MEDICAL CENTER,
INC., PAUL ELLIOTT, D.O.,
SUZANN ELLIOTT, D.O., NICHOLAS
ELLIOTT, and DOCTORS CARE HEALTH
SERVICES, INC.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR PERMISSION TO FILE INTERLOCUTORY APPEAL AND FOR STAY

THIS CAUSE comes before the Court pursuant to the motion of all Defendants save Nicholas Elliott for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and for Stay Pending Appeal, filed February 12, 2007 **[DE 167]**. The United States filed its Opposition on February 27, 2007 **[DE 170]**. The Relators filed their Opposition the same day **[DE 171]**. Defendants did not reply. This motion is ripe for adjudication.

### I. BACKGROUND

On January 29, 2007, the Court denied Defendants' Motions to Dismiss and Motion to Dismiss for Lack of Subject Matter Jurisdiction. Therein the Court ruled that the Amended Complaint satisfied the requirements for pleading fraud under Rule 9(b). The Court also ruled that the Government may bring a common law action against a provider under 28 U.S.C. § 1345.

Defendants request that this Court certify these two issues for interlocutory appeal to the Eleventh Circuit and to stay the remainder of this case pending a ruling thereon from the Eleventh Circuit.

## II.  LEGAL STANDARD

28 U.S.C. § 1292(b) is a "statutory exception[] to the final judgment rule" that allows litigants to bring interlocutory appeals upon certification by the district court.  See McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1253 (11th Cir. 2004).  A district court may only certify an issue for interlocutory appeal when (1) the court's order being challenged involves a controlling question of law, (2) there is substantial ground for difference of opinion on a point of law, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  See id. at 1257.  The party seeking review bears the burden of establishing these elements.  See Coopers & Lybrand v. Livesay, 437 U.S. 463, 474 (1978).  The statute is not to be used "merely to provide review of difficult rulings and hard cases."  United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir.1966).  Rather, "the appeal from interlocutory orders... should and will be used only in exceptional cases where decision of the appeal may avoid protracted and expensive litigation... where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided."  McFarlin, 381 F.3d at 1256 (citing 1958 U.S.C.C.A.N. 5258, 5260-61).  A "controlling question of law" involves determining "the meaning of a statutory or constitutional provision, regulation, or common law doctrine."  Id. at 1258 (quoting Ahrenholz v. Board of Trustees of the University of Illinois, 219 F.3d 674, 676 (7th Cir. 2000)).  It is "an abstract legal issue... [that a] court of appeals 'can decide quickly and cleanly without having to study the record.'"  Id. (quoting Ahrenholz, 219 F.3d at 676).

Establishing the existence of a "controlling question of law" does not entail "application of settled law to fact," nor does it require "rooting through the record in search of facts or of genuine issues of fact." Id. (quoting Ahrenholz, 219 F.3d at 677).

### III.  DISCUSSION

Defendants contend that whether the Amended Complaint sufficiently pleads fraud with particularity is a "controlling question of law." Defendants argue that the Court improperly interpreted and applied the Eleventh Circuit decisions in United States ex rel. Walker v. R. & F. Properties of Lake County, Inc., 433 F.3d 1349 (11th Cir. 2005) and United States ex rel. Clausen v. Laboratory Corp. of America, 290 F.3d 1301 (11th Cir. 2002). Defendants argue that Walker is distinguishable from Clausen, but they do not argue that Walker is not good law. As such, their argument amounts to nothing more than a disagreement with how the Court applied the decision to the facts, which does not present a controlling question of law warranting interlocutory appeal. Furthermore, Defendants contend that the decision in United States ex rel. Atkins v. McIteer, 470 F.3d 1350 (11th Cir. 2006), issued December 1, 2006, after oral argument but before this Court's ruling, is distinguishable from Walker, thereby creating a substantial ground for disagreement regarding the factors to be considered in evaluating the sufficiency of fraud allegations. Even assuming this argument were true, which the Court does not, as Atkins based its particularity analysis on Rule 9(b), 470 F.3d at 1358, Defendants did not file a motion for this Court to reconsider its decision, nor did they file a motion for the Court to consider Atkins as additional authority. The Eleventh Circuit has expressly stated that an interlocutory appeal under Rule 9(b) "is a classic example of a question arising from the application of a well-established law to the particular facts of a pleading in a specific case" that does not qualify as a

4

true controlling question of law, but rather, would require the Court of Appeals to "dig deep into the record of this case." McFarlin, 381 F.3d at 1262.

Nor is there any substantial ground for difference of opinion regarding 42 U.S.C. § 405(h) and the United States' ability to bring common law claims to recoup Medicare overpayments. Defendants continue to maintain that the United States must first exhaust its administrative remedies prior to bringing an action against a Medicare provider to recover damages under the common law theories of unjust enrichment, payments under mistake of fact, or recoupment of overpayments. The relevant authority on this issue shows that there is no substantial ground for difference of opinion as to whether the statute precludes the Court from exercising subject matter jurisdiction over the United States' common law claims. As noted in the Court's order, the plain language of the statute makes it clear that the United States is not prohibited from bringing an action thereunder to recover Medicare overpayments. Furthermore, numerous courts have explicitly addressed whether the statute precludes subject matter jurisdiction over common law claims brought by the United States seeking to recover Medicare overpayments. With the exception of one case that has since been overruled, every court has rejected arguments the Defendants make here. See United States v. Lahey Clinic Hospital, Inc., 399 F.3d 1, 16 (1st Cir. 2005) (the Medicare Act "does not displace the United States' longstanding power to collect monies wrongfully paid through an action independent of the administrative scheme, nor is there any inconsistency"); United States v. Tenet Healthcare Corp., 343 F. Supp. 2d 922, 928 (C.D. Cal. 2004) ("Since the Court is not faced with a claim for reimbursement from a dissatisfied provider that should be channeled through the administrative process, this case does not 'arise under' the Medicare act.''); United States v. Rogers, 2001 WL 818160 at*24 (E.D. Tenn. June

5

28, 2001) (holding that the statute "do[es] not preclude the United States from bringing an independent action in federal district court to litigate [Medicare overpayment] claims under the FCA and common law."); United States v. Aquavella, 615 F.2d 12, 19 (2d Cir. 1979) ("it is clear that no portion of section 405(h) specifically divests the district courts of jurisdiction in actions such as this one [brought by the government]."). Finally, United States v. University of Massachusetts Memorial Medical Center, 296 F. Supp. 2d 20 (D. Mass. 2003) was overruled by Lahey. See Lahey, 399 F.3d at 7, n.4. In Lahey, the First Circuit permitted an interlocutory appeal to address a "conflict of views within the District of Massachusetts." Id. The First Circuit ultimately concluded that the statute does not apply to a common law action brought by the United States. See id. at 16. Without force of law, Massachusetts Memorial cannot create a substantial difference of opinion on a controlling question of law.

A number of decisions out of the Eleventh Circuit also support Court's conclusion in this case. In United States ex rel. Body v. Blue Cross of Blue Shield of Alabama, Inc., 156 F.3d 1098, 1104 (11th Cir. 1998), the Eleventh Circuit held that a relator's FCA claims did not arise under the Medicare Act and therefore were not subject to the requirements of the statute. While Body had only FCA claims before it, the decision applies equally to claims brought under the common law. See id. (reasoning that when a claim does not seek payment from the United States, that claim "could not be brought under section 405, and [is] therefore not barred by subsection 405(h)."). See also State of Florida v. Tenet Healthcare Corp., 420 F. Supp. 2d 1288, 1298 (S.D. Fla. 2005) (stating that "the Eleventh Circuit has clarified that actions against a party other than the HHS Secretary or the federal government are not subject to the exhaustion requirements of the [Social Security Act].").

6

The only case Defendants cite in opposition is United States v. Sanet, 666 F.2d 1370 (11th Cir. 1982). This decision is inapposite because it does not address jurisdiction over claims brought by the government. In this case, the Secretary issued an overpayment notice to the provider, who ignored the notice. The United States brought suit to recover the overpayment and the provider cross-claimed. At issue on appeal was whether the provider could invoke the jurisdiction of the court to hear his challenge to the administrative determination. See id. at 1371.

Even if the issue of the United States' authority to bring common law claims absent first pursuing administrative remedy were an issue of first impression in this Circuit, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996). Indeed, the Central District of California recently rejected a motion to certify this very issue for interlocutory appeal, reasoning that given the "majority view that section 405(h) does not preempt suits by or on behalf of the Government to recover overpayments," and the "unpersuasive reasoning" of Massachusetts Memorial, there was a "lack of substantial ground for a difference of opinion." United States v. Tenet Healthcare Corp., 2004 WL, 3032121*1,*2 (C.D. Cal., Dec. 27, 2004). Significantly, at the time of this decision, Massachusetts Memorial had not yet been reversed.

Nor would an interlocutory appeal "materially advance the ultimate termination of the litigation." The Court noted at the hearing on the motion to dismiss that this case was filed in 2001 and stated that this matter should progress forward now that the United States has elected to

7

intervene. Granting this motion would impede such movement. Furthermore, as explained herein, there are no controlling questions of law in need of immediate resolution.

## IV.  <u>CONCLUSION</u>

THE COURT, being fully advised in having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that the Motion for Leave to File an Interlocutory Appeal and for Stay, filed February 12, 2007 **[DE 167]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 26th day of March, 2007.

<u>Kenneth L. Ryskamp</u>
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE